IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON R. JORDAN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00477 |
| | ) | |
| v. | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| EARL BARKSDALE, *et al.*, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Jason R. Jordan, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights by placing him in the segregation unit at Red Onion State Prison ("Red Onion"). Upon review of his complaint, the court finds that Jordan has failed to state a claim upon which relief may be granted and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I. COMPLAINT

Jordan alleges that on August 30, 2016, he was transferred from general population to segregation within Red Onion, after being charged with lewd or obscene acts directed toward or in the presence of another. Jordan remained in segregation awaiting his disciplinary hearing. At the disciplinary hearing, Jordan was found guilty and a $12 fine was imposed. Jordan argues that his prehearing detention in segregation was in violation of Virginia Department of Corrections policy and unlawful because it amounted to "double punishment" for his disciplinary conviction. Jordan states that the approximately two weeks that he spent in segregation caused him "emotional distress, mental anguish, personal injuries, and deprivation of [his] property." Jordan seeks $25,000 in damages.

## II. DISCUSSION

**A. Cruel and Unusual Living Conditions**

To the extent Jordan asserts that his approximately two-week confinement in the segregation unit constitutes cruel and unusual living conditions in violation of the Eighth Amendment, the claim fails. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. "To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 471-72 (4th Cir. 1999) (long-term placement in segregation or maximum custody is not cruel and unusual punishment). To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. *Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993); *Helling v. McKinney*, 509 U.S. 25 (1993). While being confined in the segregation unit may have been uncomfortable, restrictive, and inconvenient, Jordan has not alleged anything to suggest that the conditions violated contemporary standards of decency or that the defendants were deliberately indifferent

to those conditions. Accordingly, the court finds that Jordan has failed to state a claim under the Eighth Amendment.

**B. Due Process**

To the extent Jordan claims that his confinement in the segregation unit constitutes a violation of his due process rights under the Fourteenth Amendment, this claim also fails. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Beverati*, 120 F.3d at 502 (holding that a six-month term in segregation did not impose an atypical hardship and, therefore, implicated no liberty interests when the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions).[1] Changes "in a prisoner['s] location, variations of daily routine, changes in conditions of

---

[1] In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Court found that inmates did have a liberty interest in avoiding assignment to a state's supermax prison. In reaching this conclusion, the Court carefully distinguished the supermax facilities from normal segregation units on three grounds. First, inmates in the supermax facility were "deprived of almost any environmental or sensory stimuli and of almost all human contact." *Wilkinson*, 545 U.S. at 214. Second, they were assigned for "an indefinite period of time, limited only by [the] inmate's sentence." *Id.* Third, once assigned to supermax "[i]nmates otherwise eligible for parole lose their eligibility while incarcerated" at the facility. *Id.* at 215. After noting other onerous conditions of confinement, including that the cells were lighted twenty-four hours per day, the court stated: "While any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context." *Id.* at 224. The instant case is readily distinguishable from *Wilkinson*.

3

confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). The conditions in the segregation unit at Red Onion may in fact be more restrictive than those applied to inmates in the general population or at other facilities; however, Jordan has failed to allege facts showing that the hardship is so significant or atypical that he has a liberty interest in remaining out of segregation. Accordingly, the court finds that Jordan has failed to state a claim under the Fourteenth Amendment.[2]

### III. CONCLUSION

For the stated reasons, Jordan's complaint is dismissed without prejudice pursuant to § 1915A(b)(1) for failing to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: August 28, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] To the extent Jordan claims that the defendants violated Virginia Department of Corrections policies, his allegations fail to state a cognizable federal claim. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that violations of state procedural rules do not present a federal due process issue and, as such, are not actionable under § 1983).